IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THE ESQUIRE GROUP, INC.,

        Plaintiff,

v.                                                   CIVIL ACTION NO. 3:14-24972

COLUMBIA GAS TRANSMISSION, LLC,
a Delaware limited liability company, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is a motion for continuance brought by Plaintiff Esquire Group, Inc. ("Plaintiff"). ECF No. 57. Plaintiff asks the Court to extend the discovery deadline by at least forty-five days and to continue the case for at least ninety days. Defendants oppose amending the scheduling order, pointing out this is Plaintiff's second request for a continuance within three months—the first one having been granted in December 2015—and arguing this time Plaintiff fails to show good cause for modifying the amended scheduling order. ECF No. 61. Finding no good cause to amend the scheduling order a second time within three months, the Court DENIES Plaintiff's continuance request.

**I.    Background**

This is a diversity jurisdiction action in contract brought by a golf course owner against a gas transmission company that holds an easement on the golf course's property. Compl. 7, ECF No. 1. On April 5, 2014, Plaintiff filed this suit alleging Defendants breached their easement agreement with Plaintiff and asking this Court to enjoin the gas company's transmission of gas across Plaintiff's property. *Id.* The merits of the case are, however, wholly irrelevant to this motion

for a continuance, and so the remaining background consists solely of this case's procedural developments.

A scheduling order was entered on December 11, 2014, ECF No. 21, and afterward, the Parties engaged in discovery. In January 2015, the Parties exchanged initial disclosures. ECF Nos. 22, 23. The case then sat until July 13, 2015, when the parties participated in a failed mediation attempt. Defs.' Resp. to Mot. for Continuance 3 (Feb. 18, 2016), ECF No. 61 [hereinafter Defs.' Resp.]. In August 2015, Defendants requested four sets of written discovery, *see* ECF Nos. 27, 28, and 29, and Plaintiff propounded one set of requests for production to Defendant Columbia Gas Transmission, LLC ("Columbia"). Columbia responded to Plaintiff's requests on September 15, 2015, ECF No. 30, and simultaneously produced documents that Columbia deemed not confidential. Defs.' Resp. 3. On September 22, 2015, counsel for Columbia sent Plaintiff's counsel a proposed protective order and explained that upon entry of such an order, Columbia would produce certain confidential documents referenced in Columbia's discovery response. *Id.* In November and December 2015, Defendants conducted depositions and deposition preparation, completing all their fact witness depositions they then intended to take, including a 30(b)(6) deposition of Plaintiff. *Id.* at 3–4. Meanwhile, Plaintiff did not propose taking any depositions of its own, and it acknowledged neither receipt of the draft protective order nor the existence of confidential documents whose production was awaiting entry of such an order. *Id.* at 4.

On December 4, 2015, thirteen days before the close of discovery, Plaintiff's lead counsel, Mr. Peter E. Ferraro, asked the Court for a 60-day continuance of the case. *See* Mot. for Continuance of March 16, 2016 Trial Date, ECF No. 43. Mr. Ferraro asked to modify the scheduling order because he is a "sole practitioner," and his eldest son and wife were expecting quadruplets. *Id.* at 1–2. Mr. Ferraro further explained that he would be "caring for [the couple's]

[16-month old] daughter[,] assisting in any way he can," and that he had "moved everything on his schedule[,] and [he would] be in California for roughly six weeks to assist his family during this period." *Id.* Defendants did not oppose modifying the scheduling order to extend discovery by 60-days to accommodate the then-imminent birth of Mr. Ferraro's quadruplet grandchildren. Defs.' Resp. at 4. Finding good cause, the Court granted Plaintiff's requested continuance and extended the discovery deadlines by 60-days, pushing back the trial date. ECF No. 49. The amended scheduling order established the new deposition deadline as February 16, 2016. *Id.*

The day that Plaintiff's first continuance was granted and the amended scheduling order was entered, Plaintiff's counsel finally acknowledged the proposed protective order—sent to him three months prior—by mailing a signed, unedited copy to defense counsel. Defs.' Resp. at 4. The fully executed proposed order was filed by Defendants on December 15, 2015, and entered by this Court on December 16, 2015. *See* ECF Nos. 51–52. On December 22, 2015, Columbia produced to Plaintiff the confidential documents it had identified in its September 15, 2015 responses to Plaintiff's requests for production. Defs.' Resp. at 5.

On January 7, 2016—approximately a month after entry of the Court's amended scheduling order, and five weeks before the extended discovery deadline—Plaintiff's counsel's assistant proposed more than 10 depositions for February 8–12, 2016. *Id.* Defense counsel advised Plaintiff's counsel that Defendants would not agree to more depositions than Rule 30 allows as of right; as a result, Plaintiff promised to pare the list by the following day. *See* Defs.' Mot. for Protective Order and to Strike Pl.'s Notices of Dep. ¶ 4, ECF No. 53; *see id.* at Ex. 1, ECF No 53–1. Defendants heard nothing further until January 20, almost two weeks later, when—as part of a telephone exchange initiated by defense counsel—Mr. Ferraro advised Defendants that he planned to move for another continuance. *See id.* ¶¶ 6–7. Nine days later, at 5:01 p.m. on Friday, January

29, Plaintiff sent fifteen deposition notices to defense counsel, with fourteen of the depositions set for the week of February 8. *See id.* ¶ 10. The following business day, Defendants filed a motion for a protective order seeking relief from the fifteen just-noticed depositions. *See* ECF No. 53.

Now, Plaintiff asks the Court to amend the scheduling order again—a second time within three months—by extending the discovery completion deadline for forty-five days, and pushing back the whole schedule, including the trial date, by ninety days. ECF No. 57. Plaintiff asks for this continuance because Mr. Ferraro has been unavailable both due to the birth of his quadruplet grandchildren on January 7, 2016, and due to his "heavy trial schedule" in November, December, and January. *Id.* Mr. Ferraro also asks for the continuance because he alleges the Parties have an ongoing discovery dispute. *Id.* The Court will first detail the legal standard for amending the scheduling order, then discuss Plaintiff's request for continuance.

## II. Legal Standard

Scheduling orders may be modified only for good cause and with the court's consent. Fed. R. Civ. P. 16(b). Rule 16(b)'s good cause standard focuses on the diligence of the moving party. *Montgomery v. Anne Arundel Cty., Maryland*, 182 Fed. App'x 156, 162 (4th Cir. 2006) (citations omitted); *see also Essential Hous. Mgmt., Inc. v. Walker*, 166 F.3d 332 (4th Cir. 1998). To establish good cause, the movant must show the deadlines cannot reasonably be met despite the movant's diligence; good cause is lacking if the movant has not acted diligently to comply with the schedule. *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (citations omitted). District courts have discretion to consider other factors before amending a scheduling, which include: the danger of prejudice to the non-moving party, the length of delay and its potential impact on the proceeding, the movant's reason for the delay, and whether the movant acted in good faith. *Hunt v. Brooks Run Min. Co., LLC*, 51 F. Supp. 3d 627, 636 (S.D.W. Va. 2014) *aff'd*, 610 F. App'x 340 (4th Cir. 2015).

Whether good cause exists for a second or successive discovery deadline extension demands asking if yet another continuance is warranted despite the expense to the parties and court, and despite a previous extension having already been granted recently in the same case.

### III. Discussion

Plaintiff wants to extend the scheduling order's deadline for discovery because Plaintiff's lead counsel, Mr. Ferraro, has been unavailable due to family matters and a heavy trial load, and because of an alleged pending discovery dispute. The Court concludes below that Mr. Ferraro and Plaintiff's other counsel have demonstrated a troubling lack of diligence and candor, and for that reason good cause does not exist to modify the amended scheduling order.

First, Plaintiff asks for this continuance because Mr. Ferraro has been unavailable due to the birth of his quadruplet grandchildren on January 7, 2016 and his "heavy trial schedule" in November, December, and January 2016. Notably, the birth of Mr. Ferraro's quadruplet grandchildren is the exact same reason the Court already granted Mr. Ferraro a continuance in December 2015. In the instant motion, Mr. Ferraro has not adequately explained why this family event requires more than the sixty days already given. Hence, this excuse has been used up; it cannot supply the basis for good cause because Mr. Ferraro has previously exhausted it. When Mr. Ferraro first requested a continuance on this basis, he should have had the foresight to determine how much of a continuance he needed. Failure to plan adequately when asking for an initial continuance and then asking for a continuance on the same ground demonstrates a lack of diligent preparation. Therefore, the Court will not consider Mr. Ferraro's unavailability due to family matters as a basis for good cause.

However, there is an even better reason for not considering, in this good cause analysis, Mr. Ferraro's unavailability to work on this case: Mr. Ferraro's displayed lack of candor to this

Court about his plans for the 60-day extended discovery period. In his instant motion for continuance, Mr. Ferraro explains that he was with family in California for a total of thirty days, ECF No. 57, not the six weeks he represented to the Court in his December motion for continuance, ECF No 43 ("Mr. Ferraro has moved everything on his schedule and will be in California for roughly six weeks to assist his family during this period."). Six weeks is forty-two days, not thirty; thirty days is not "roughly" forty-two days on any calendar or planet. Either Mr. Ferraro, when he filed his December motion for continuance, had not even bought a plane ticket to California, or he re-scheduled his flights for some reason not adequately explained to this Court in the instant motion, which, in order to show good cause, would have been warranted.[1]

Regardless of this trifling inconsistency, Mr. Ferraro's second reason for his unavailability to work on this case—his busy trial schedule in November, December, and January 2016—shows his lack of candor to this Court in his December motion for continuance. In his December 10, 2015 motion for continuance, Mr. Ferraro said he had "moved everything on his schedule and [he would] be in California for roughly six weeks to assist his family during this period." ECF No 43. This led the Court, and any reasonable person, to believe Mr. Ferraro was not working on *any* case during those six weeks; no part of the December motion mentioned anything about Mr. Ferraro's work on other cases, and he said he had moved "everything on his schedule." *Id.* Now, Mr. Ferraro

---

[1] In Mr. Ferraro's reply, he attempts to explain away this inconsistency by stating that he went to California before "the Christmas vacation," then in January 2016, he flew to an out-of-town trial that lasted two weeks and to a mediation, and then he flew back to California in early February 2016 to finally see his quadruplet grandchildren. Pl.'s Reply in Supp. of Mot. for Continuance 3, ECF No. 62. However, when Mr. Ferraro filed his December 2015 motion for continuance he must have known about this January 2016 two-week trial and mediation. But he never mentioned either of them in his December motion, and instead he said he had "moved everything on his schedule" and that he would "be in California for roughly six weeks." ECF No. 43. Mr. Ferraro's reply does not repair the inconsistency between his representations to this Court in December 2015 and February 2016.

tells the Court that during December and January he was busy with trials in other cases, one being tried to a jury and the other settling as the parties were about to pick a jury. *Id.* What Mr. Ferraro now presents to this Court as grounds for the present continuance does not square with his previous representation to this Court in his December motion for continuance. Because Mr. Ferraro has displayed a lack of candor in his two motions for continuance, the Court finds Mr. Ferraro's unavailability due to his heavy trial schedule does not warrant consideration in the Court's good cause analysis.[2]

Second, Plaintiff asks for this continuance because of a pending discovery dispute. Specifically, the Parties' dispute relates to Defendant's responses and objections to Plaintiff's First Request for Document Production. Although Defendant responded to Plaintiff's First Request for Document Production in September 2015, Plaintiff did not even begin the meet and confer process to obtain additional responsive documents until February 10, 2016—five months after Defendant's response and six days before the close of the *extended* discovery period. Additionally, Plaintiff waited three months to sign and return without qualms a protective order proposed by Columbia, which in September 2015 Columbia had indicated was a condition precedent for its production of the confidential documents that Plaintiff now claims are insufficient. Furthermore, Plaintiff's efforts in resolving the recently created dispute over discovery responses and objections have been lacking in diligence. Mr. Ferraro agreed to discuss the dispute on Monday, February 15, 2016, but later e-mailed defense counsel to cancel the conference, stating he needed more time. Defs.' Resp. at 5. Two days later, the Parties did confer, but the meeting was cut short of resolving the discovery

---

[2] Additionally, the Court notes that although Mr. Ferraro represents he is a "sole practitioner," in this case he has co-counsel who could have been working on this case while Mr. Ferraro was unavailable due to family matters and other trials. Thus, diligent planning among Plaintiff's counsel about how to proceed in light of Mr. Ferraro's unavailability could have avoided the need to extend discovery and push back trial in this case.

dispute because one of Plaintiff's attorneys had not seen documents Defendants had sent to Plaintiff ten days earlier. Additionally, for three weeks during the extended discovery period—between January 7 and 29, 2016—Plaintiff's counsel alluded to but failed to notice depositions that Plaintiff intended to take. *See* Defs.' Resp. at 5. These actions on the part of the attorneys representing Plaintiff show that a continuance is needed not because of a dispute over responses to Plaintiff's First Request for Document Production, but rather Plaintiff needs a continuance due to its counsel's unwillingness, until February 2016, to devote the time necessary to move this case forward according to the timeline set-out in the Court's two scheduling orders. Therefore, the Court finds Plaintiff's counsel has been dilatory in resolving the discovery dispute that Plaintiff now contends necessitates a continuance, and accordingly, the discovery dispute will not constitute good cause.

In sum, Plaintiff fails to show good cause exists for modifying the amended scheduling order within three months of this Court having already done so at Plaintiff's request. As explained above, the Court finds both reasons proffered by Plaintiff for its requested continuance are insufficient to constitute good cause. The resources of this Court and the Defendants are valuable and limited. As the recent amendment to Federal Rule of Civil Procedure 1 makes clear, this dispute should come to a "just, speedy, and inexpensive" resolution, and Plaintiff, as well as this Court, is obligated to pursue that end. Because Plaintiff cannot establish the good cause required by Rule 16(b)(4), Plaintiff will not be given an additional extension of the discovery deadline.[3]

---

[3] The Court notes that two discovery motions remain unresolved in this case. First, Defendant's motion for a protective order asking the Court to strike the fifteen depositions Plaintiff noticed on January 29, 2016, ECF No. 53, and second, Plaintiff's motion to quash the deposition of Plaintiff's expert witness that Defendant noticed on February 2, 2016, ECF No. 59. Both motions were referred to a magistrate judge for disposition. After the magistrate judge rules on these motions, the Court will consider a very limited extension of discovery pertaining only to the magistrate judge's rulings.

## IV. Conclusion

Finding no good cause to amend the scheduling order to extend discovery and continue this action, the Court **DENIES** Defendants' request for continuance. The Court **DIRECTS** the Clerk to send a copy of this written Memorandum Opinion and Order to counsel of record and any unrepresented parties.

              ENTER:      February 26, 2016

              ROBERT C. CHAMBERS, CHIEF JUDGE